Matter of Powers (2020 NY Slip Op 01891)





Matter of Powers


2020 NY Slip Op 01891


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

PM-42-20

[*1]In the Matter of James Aloysius Powers, a Suspended Attorney. (Attorney Registration No. 2262277.)

Calendar Date: March 2, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1989, and he is also admitted in Virginia and in Maryland, where he last maintained a business address with the Office of Court Administration. In July 2017, respondent was indefinitely suspended by the Court of Appeals of Maryland. As a result of this discipline, respondent was thereafter indefinitely suspended from the practice of law by, among other jurisdictions, Virginia. By October 2019 order, this Court imposed a two-year suspension upon respondent in this state due to his Maryland misconduct (176 AD3d 1468 [2019]). Subsequently, in December 2019, the Virginia State Bar Disciplinary Board revoked respondent's license to practice in that state upon sustained allegations that, among other things, he had continued to practice in that jurisdiction following his suspension. Significantly, respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the Virginia license revocation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).
AGC now moves, by order to show cause marked returnable March 2, 2020, to impose discipline upon respondent based upon the professional misconduct he was found to have committed by the Virginia disciplinary authorities (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.13). Respondent has not replied or otherwise responded (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant AGC's motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we note that respondent's serious professional misconduct, resulting in the revocation of his law license in Virginia, is exacerbated by his failure to provide proper notice of same to this Court as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), his past disciplinary history — including his current suspension in this state — and his failure to respond to the subject motion (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent must be disbarred in this state (see Matter of Sisk, 23 AD3d 915 [2005]).
Egan Jr., J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).